## SAMUEL N. HITE *v.* JACOB BARKER.

*Any amendment of the judgment in the court below must be prayed for in the answer to the appeal; it will not be noticed in the brief.*

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Kennedy & Miles* for plaintiff. *T. W. Collens* for defendant and appellant.

LABAUVE, J. In April, 1856, W. L. Burges entered into an agreement with defendant, Barker, whereby the latter was to purchase and pay for about 2,200 barrels at 56 cents per barrel, and to hold them on account of said Burges for ten months. Barker was to store the barrels, and Burges was to pay storage at $1\frac{1}{2}$ cents per month per barrel; and eight per cent. interest on money advanced for the purchase, and $55 61 on the transaction. Burges was also to pay cartage, cooperage, insurance and all other charges, and to deposit with Barker $300, a margin against loss; and if defendant was not reimbursed on or before the 14th February following, Barker was to sell at auction, or private sale, the barrels.

The barrels were not sold at the expiration of the delay, and 2,166 were shipped by Barker to Cuba, and the nett proceeds of sale, as per accounts rendered, amounted to $2,318 37. But it appears there were 2,238 barrels purchased by and paid for by Barker, at 56 cents per barrel, and that he only accounted for 2,166, leaving a balance, 72 barrels, which were valued below at 90 cents each, making an aggregate of $64 80;.

which amount, added to the proceeds of sale made in Cuba, $2,318 37, makes, in all, $2,383 17; of this amount the judge below deducted $1,779 26 for cost of drayage, cooperage, hoops, nails, insurance, interest of money, commission and money advanced by Barker for the purchase of the barrels (less $300 deposited by Burges with Barker), and for other charges, leaving a balance of $603 91, for which the court below gave judgment for plaintiff against the defendant, who appealed.

On trial below, the defendant offered in evidence the case of *Sullivan* v. *Burges* and of the garnishment proceedings thereto, and the accounts and vouchers, letters and account sales filed in said case on behalf of the defendant Barker; to the admission of which evidence, the plaintiff excepted, in substance, on the ground that said accounts, etc., do not, of themselves, constitute proof; and that said accounts and letters are not the best evidence, etc.

The court admitted the evidence, and the plaintiff took a bill of exceptions to the opinion of the court. We think it unnecessary to pass upon this bill of exceptions, as our decision upon it would not change the judgment under the pleadings in this court; the rejection of the evidence admitted and excepted to, would not authorize us to amend and increase the judgment rendered below, in favor of plaintiff and appellee, who has failed to file an answer, in the legal delay, praying for such amendment; it is true plaintiff's counsel argues, in his printed brief, that the judgment appealed from should be increased to $1,200 95, as balance due by defendant; but a brief is not an answer; it makes no part of the pleadings; it is a written instead of an oral argument. C. P. Art. 890.

Upon the whole, we believe that the judgment of the District court must be affirmed.

It is therefore adjudged and decreed that the judgment of the District Court be affirmed, with costs.

HOWELL, J., recused.